CONFORMED COPY

FILED 2009 NOV 25 PM 2:22 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

1. KENNETH G. PARKER (SBN 182911)
   kparker@tlpfirm.com
2. TEUTON, LOEWY & PARKER LLP
3. 3121 Michelson Drive, Suite 250
   Irvine, California 92612
   Telephone: (949) 442-7100
4. Facsimile: (949) 442-7105

5. THOMAS F.A. HETHERINGTON*
   tom.hetherington@emhllp.com
6. JARRETT E. GANER*
   jarrett.ganer@emhllp.com
7. EDISON, MCDOWELL & HETHERINGTON LLP
8. 3200 Southwest Freeway, Suite 2920
   Houston, Texas 77027
9. Telephone: (713) 337-5580
   Facsimile: (713) 337-8850
10. * *pro hac vice* motion to be filed

11. Attorneys for
    PHL VARIABLE INSURANCE CO.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PHL VARIABLE INSURANCE CO., | Case No. CV09-8714 VBF (MANx) |
|---|---|
| Plaintiff, | **PLAINTIFF PHL VARIABLE INSURANCE COMPANY'S ORIGINAL COMPLAINT** |
| v. | |
| DONG SOOCK PARK 2007 IRREVOCABLE TRUST, by and through its trustee, SUSAN PARK-MATSUNE, | |
| Defendant. | |

**COMPLAINT**

PHL Variable Insurance Company, by and through its attorneys, files this Original Complaint against The Dong Soock Park 2007 Irrevocable Trust by and through its Trustee, Susan Park-Matsune as follows:

## I.
## PARTIES

1. Plaintiff PHL Variable Insurance Company ("Phoenix") is a Connecticut insurance company authorized to transact the business of insurance in California. Phoenix is a citizen of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

2. Defendant, The Dong Soock Park 2007 Irrevocable Trust (the "Trust" or "Defendant"), is a trust organized under the laws of California and is a citizen of California within the meaning and intent of 28 U.S.C. § 1332. The Trust may be served through its Trustee, Susan Park-Matsune ("Trustee"), at her home address, 410 Pomelo Ave. #3, Monterey Park, California 91754. On information and belief, Trustee Park-Matsune is the only trustee and is a resident of California.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over all parties of this lawsuit under 28 U.S.C. § 1332(a)(1) because Phoenix and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of attorneys' fees, interests and costs. Defendant is subject to the personal jurisdiction of this Court.

4. This Court has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201 and 2202, which grant the United States District Courts jurisdiction to declare the "rights and other legal relations of any interested party making such declaration, whether or not further relief is or could be sought."

5. Venue is proper for this action pursuant to 28 U.S.C. § 1391, since the Trust is a citizen of California, its Trustee is located in Los Angeles County, and the insurance policy at issue is governed by California law.

## III.

## FACTUAL BACKGROUND

6. Phoenix is, and during all relevant times has been, in the business of underwriting and issuing policies of life insurance and is authorized to transact the business of insurance in the State of California.

7. The Trust, by and through its Trustee, applied in writing to Phoenix seeking the issuance of an insurance policy (the "Application"), insuring the life of Dong Park ("Park").

8. In completing this Application, Park and the Trust provided Phoenix with material information regarding, among other things, Park's net worth and annual income. In completing the Application, Park and the Trust knew that each was required to provide complete, accurate and honest answers to the questions presented on the Application. Park and the Trust also knew that Phoenix would rely upon the answers recorded on the Application in determining whether Park was insurable and qualified for the insurance sought through the Application.

9. Park and the Trust, through its Trustee, responded to clear, direct questions seeking material information regarding Park's net worth and annual income. In response to these questions, the Application represented that Park had a net worth of $15,940,000 and annual unearned income of $592,000. As discussed more fully in the ensuing paragraphs, these representations were false and were each material to Phoenix's acceptance of the risk assumed.

10. Additionally, during the application process, Park and the Trust represented that the life insurance was being sought for "estate planning." This statement was false and was material to Phoenix's acceptance of the risk assumed.

11. The Application contained the following affirmation:

> I have reviewed this application, and the statements made herein are those of the proposed insured and all such statements made by the proposed insured in Part I or and in Part II of this application are full, complete, and true to the best knowledge and belief of the undersigned and have been correctly recorded.

Park and the Trust, through its trustee at the time, executed the Application on October 30, 2007.

12. On the basis of the statements and representations on the Application and in reliance upon Park's and the Trust's complete candor, honesty and openness in disclosing information in the response to the questions presented on the Application, Phoenix issued life insurance policy number 97525610 (the "Policy") to the Trust, with an effective date of November 30, 2007. The Policy's death benefit is $7,000,000.

13. Upon information and belief, contrary to the representations contained on the Application, Park did not have a net worth of $15,940,000 or an annual unearned income of $592,000 on the date of the Application. Phoenix asserts that the statements made during the application process with respect to Park's net worth, annual income, source of funding and purpose for the life insurance were each materially incorrect and/or fraudulent.

14. Had Park and the Trust provided accurate responses on the Application regarding these items, Phoenix would not have issued the Policy or would have done so on materially different terms. As a result of the Policy's issuance, Phoenix has suffered damages, including but not limited to commissions Phoenix paid to its sales representatives that it would not have paid, but for the sale.

15. Phoenix brings this action seeking rescission of the Policy and an order declaring the Policy void *ab initio*.

### IV.

### COUNT I: DECLARATORY JUDGMENT

16. Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1–15 above.

17. Pursuant to the federal Declaratory Judgment Statute, 28 U.S.C. § 2201, Phoenix seeks a declaratory judgment that the Policy is null, void and rescinded *ab initio* due to the fraudulent and/or material misrepresentations and omissions that Park and the Trust made on the Application, and that as a result of said rescission, Phoenix may deposit with the Clerk of the Court all premiums paid on the Policy along with required interests, if any, pending further dispensation by the Court.

18. Phoenix seeks a declaratory judgment that, pursuant to Section 483(c) of the California Insurance Code, the Trust is not entitled to a return of the Policy premiums due to actual fraud. Alternatively, Phoenix seeks a declaration judgment that Phoenix be allowed to offset from the Policy premiums an amount equal to the commissions paid to its agents or sale representative arising out of or relating to the sale of the Policy, other costs associated with the Policy, as well as its attorneys' fees and expenses.

19. Phoenix also seeks its fees pursuant to the Declaratory Judgment Statute.

20. To the extent required by law, Phoenix fully and unconditionally tenders the Policy's premiums to the Court's registry.

///

## V.

## RELIEF REQUESTED

WHEREFORE, due to the above-reference fraudulent and/or material misrepresentations, PHL Variable Insurance Company demands judgment against the Dong Soock Park 2007 Irrevocable Trust as follows:

(a) an order declaring and adjudging the Policy of life insurance bearing Policy Number 97525610 to be null and void and rescinded, *ab initio*;

(b) an order that Phoenix deposit with the Clerk of the Court all premiums paid on the Policy along with the required interest, if any;

(c) an order that that the Clerk of Court return to Phoenix all of the premiums deposited with the Court or, alternatively, an order that the Clerk of the Court pay to Phoenix from the premiums deposited an amount equal to: 1) the commissions paid by Phoenix to the agents or sale representative arising out of or relating to the sale of the Policy; and 2) any damages incurred by Phoenix as a result of the Policy's issuance and subsequent investigation, including attorneys' fees and expenses;

(d) An order awarding cost of suit and reasonable attorneys' fees pursuant to the Federal Declaratory Judgment Statute; and

///
///
///
///
///
///
///
///

**COMPLAINT**

(e)  An order awarding such other relief as the Court deems equitable and just to Phoenix.

Dated November 25, 2009

TEUTON, LOEWY & PARKER LLP
KENNETH G. PARKER

By: _____
Kenneth G. Parker
Attorneys for Plaintiff
PHL VARIABLE INSURANCE CO.

OF COUNSEL:

EDISON, MCDOWELL & HETHERINGTON LLP
Thomas F.A. Hetherington
Jarrett E. Ganer

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

```
CV09- 8714 VBF (MANx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Kenneth G. Parker (SBN 18291)
Teuton, Loewy & Parker LLP
3121 Michelson Drive, Suite 250
Irvine, California 92612
Tel: (949) 442-7100
Fax: (949) 442-7105

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHL VARIABLE INSURANCE CO.<br><br>PLAINTIFF(S)<br>v.<br>THE DONG SOOCK PARK 2007 IRREVOCABLE TRUST, by and through its trustee, SUSAN PARK-MATSUNE<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-8714 VBF (MANx)**<br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _____ Kenneth G. Parker _____, whose address is _3121 Michelson Drive, Suite 250, Irvine, California 92612_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __25 NOV 2009__   By: _____
                                Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         **SUMMONS**